# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARONERE WILTRON ARREOLA, | Case No. 1:20-cv-00272-AWI-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | |
| COUNTY OF FRESNO PUBLIC DEFENDER'S OFFICE, et al., | (ECF No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Haronere Wiltron Arreola ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Currently before the Court for screening is Plaintiff's complaint, filed February 24, 2020. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred while Plaintiff was being arrested and while he was a pre-trial detainee and/or in relation to court proceedings that occurred while imprisoned. Plaintiff is not challenging his

conditions of confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following Defendants: (1) the County of Fresno Public Defender's Office; (2) Ciummo and Associates; (3) the City of Fresno; (4) the City of Fresno Police Department; (5) Officer J. Delgado; (6) Officer C. Moreno; (7) Sergeant B. Williams; and (8) Kojo Moore. (Compl. 1-2, ECF No. 1.)

A. **First Cause of Action**

Plaintiff's first claim is: "illegal search and seizure; profiling; and probable cause."[1] (Compl. 3.) The Court reproduces Plaintiff's claim verbatim here:

> It will be the Plaintiff[']s assertion that from the moment officers exceeded the constitutional bounds of probable cause, they became in violation of his civil rights. Irrespective of his personal legal status of probation the officers['] right to search was limited to the driver of the vehicle itself. In this case the driver was on probation herself for driving under the influence thus giving officers the scope of a cursory search for open containers.
>
> However prior to any detailed search, the Plaintiff was removed from proximity of the area searched and was not present when items were found. In fact once the Plaintiff who was the passenger, was removed, he was absolved of all responsibility solely due to the operator of the vehicle. After being removed from the vehicle and subsequently transported to the police station for identification, the Plaintiff was charged for possession of items in the vehicle. It would be my contention that in fact the Plaintiff can not be charged for specific possession of any item in constructive possession of the vehicle operator. (That is to say it would be illegal to use the contraband in the prosecution of one and not the other until motions are heard to determine either).
>
> The issue of possession not withstanding the core violation at heart of the Plaintiff's complaint lies within probable cause. The protection of the 4th Amendment of the U.S. Constitution clearly outline[s] the rules of probable cause determination. In this case, officers are clearly with cause to effect a traffic stop due to a tail light infraction. However once established that there was no physical danger to their operation, the scope of their authority ended with the operator of the vehicle. The plaintiff will demonstrate that the officers clearly by their own admission "profiled" him as one thought to be earlier contacted due to a domestic violence restraining order. That is to say that the officer felt that as a couple the operator of the vehicle and the Plaintiff should not be together or looked like a "couple" that should not be together. This admission by the acting officer now gives rise to the question of the validity of the traffic stop in general.
>
> In any case, the Plaintiff asserts that at the point officers exceeded the scope of probable cause and reasonable search is the point where the numerous violations

---

[1] When quoting the complaint, the Court may alter the capitalization as the complaint is written in all capital letters, and may group sentences into paragraphs to save space.

of civil rights begin. The Plaintiff contends that point was at the point when officers established that he was a passenger of the vehicle that offered no credible threat to officer safety. Because all of the actions of the officers were based upon a traffic stop, the driver of the vehicle is clearly the focus and thus limits [the] officers['] scope of authority. The Plaintiff also contends that the same limitation of authority also confines the responsibility of the vehicle and its contents as that of the operator and owner of such. That is to stay without doubt that once officers removed the Plaintiff from the vehicle, they removed him from criminal liability related to the vehicles operation, ownership and contents.

In summary, the facts of the events are clear in linear order and represent successive violations of the Plaintiff[']s civil rights in the same fashion. As a passenger in a vehicle with no control of action or contents he was removed, detained, transported then charged with the contents of the vehicle in which he had no interest or control. Not only did officers have no true cause to detain him, but they proceeded to charge him with possessing items and contraband after clearly establishing those items in possession of others.

The Plaintiff asks the courts to further consider the total lack of valid foundation for even criminal charges as from the point that probable cause was no longer valid, that all successive findings would be in theory and action "fruit of the poisonous tree" therefor any assigned officer of the court would be duty bound to dismiss with prej[u]dice. It is important to further understand that the Plaintiff[']s status of probation requires him to submit to search of his person and his property therefor limiting his criminal liability to those areas. But this matter is compounded by the overt action of officers who exceeded the scope of search authority for one suspect then utilized those tainted fruits to charge another.

It is clear that criminal prosecution of the Plaintiff in this case is baseless. The probable cause to detain and subject him to search did not even exist let save the actions of the vehicle operator, and further, his subsequent charge of possession of contraband can only be based upon the testimony of the vehicle operator who was clearly in constructive possession of said contraband at all times after the initial contact. In terms of criminal liability and civil responsibility this set of circumstances would seem complex upon prima fa[cie] review. However the Plaintiff contends that when taken in linear succession the nature of violations are clearly based upon racial and social profiling and are clearly documented by officers['] own admission and the presence of recording equipment that gives clear representation of events for review by judicial authority.

The Plaintiff will submit this evidence as core in this complaint in support of his claim as it will show that officers abused authority and exceeded their scope of authority for search of the vehicle operator, then bullied one subject into implicating another with the use of illegally obtained evidence. At the point the officers passed the line of a closed container the subject of who's possession that object is confine[d] to is no longer germa[ne] as any reasonable suspicion would give rise to a warrant easily obtained. In the end this is a simple case of overt and excessive abuse of power under the color of authority. The actions of officers transgress the unjustified use of police powers and quickly enter the realm of intentional misconduct with the direct object of causing harm based upon the social position and racial background of both the operator and the passenger. There is no doubt that the officers['] conduct shows all signs of civil rights violations. The true depth of those violations can only be measured once officers of the court act appropriately by law.

4

The Plaintiff contends that any in the future who do not would be added to this complaint as defendants and charged as well. As only the scope of the entirety of the Plaintiffs['] treatment start to finish can be the true measure of the nature of the violation. It is without mention that officers who routinely act out of bounds of constitutional law is one matter. However a district attorney that fails to address these facts and continues prosecution in the face of known violations is another at this point remains to be seen. In keeping with good faith policies of transparency held by the Fresno Police Department the establishment for a factual basis for this claim should be clearly and quickly available. It goes without saying that sanctions be lev[i]ed for non[-]compliance in the compilation of this claim.

(Compl. 4-9.)

### B. Second Cause of Action

Plaintiff's second claim is: "due process; prejudice and ineffective assistance of counsel." (Compl. 10.) In support of this claim, Plaintiff makes the following lone statement: "While acting under the color of authority assigned defense counsel grossly breached common legal strategy resulting in irreversible prejudice in the criminal matter." (Compl. 10.)

### C. Stated Damages and Relief Requested

As for injuries, Plaintiff claims unnecessary incarceration, loss of employment, lost wages, burdened family ties, loss of dwelling, loss of property, and loss of a vehicle. (Compl. 3, 10.) For relief, Plaintiff requests monetary compensation, disciplinary action, criminal liability, and other investigation to be determined by the U.S. attorney. (Compl. 12.)

### III.

### DISCUSSION

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S.

Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678  (citations and internal quotation marks omitted).

Most of Plaintiff's allegations are vague and conclusory statements.  As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendants are liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff does not state the date that any of the alleged acts occurred, the location or type of contraband retrieved by the officers in the vehicle, or what any individual officers specifically did during the traffic stop.  Plaintiff names various officers as Defendants, however, Plaintiff's description of the alleged unlawful search does not mention, even once, a specific individual officer or what they did to violate Plaintiff's rights during the traffic stop in question.  Rather, Plaintiff only presents general and conclusory statements that seem to imply the officers had no right to attribute items in the car to Plaintiff because he was the passenger and not the operator of the vehicle, and because he was taken aside from the vehicle during the search.  Plaintiff puts forth conclusory statements that the officers lacked probable cause and that the officers subjected him and the driver to racial and class profiling.

The only specific mention of a named Defendant in relation to any claim is a reference to the Fresno Police Department.  Plaintiff states "in keeping with good faith policies of transparency held by the Fresno Police Department the establishment for a factual basis for this claim should be clearly and quickly available."  (FAC 9.)  As explained below, this lone allegation does not support a claim against the police department.

Plaintiff's sole factual statement in support of his due process and ineffective assistance of counsel claim is that: "while acting under the color of authority assigned defense counsel grossly breached common legal strategy resulting in irreversible prejudice in the criminal matter." (Compl. 10.)  Plaintiff names the County of Fresno Public Defender's Office, Ciummo and Associates, and an individual named Kojo Moore, as Defendants.  The Court presumes

6

Plaintiff named these three Defendants in relation to this claim, however, Plaintiff does not specifically state such claim is directed at these Defendants, and Plaintiff's sole conclusory and vague allegation provides no factual detail as to what the claim specifically is against a specific Defendant.

In addition to the complaint failing to provide sufficient factual details beyond general and conclusory legal allegations, because Plaintiff fails to identify any specific Defendants in the factual allegations, the complaint fails to give fair notice of all of the allegations and claims directed against the Defendants. <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" (italics added)); <u>see</u> <u>also</u> <u>Van Dyke Ford, Inc. v. Ford Motor Co.</u>, 399 F. Supp. 277, 284 (D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required … to enable the defendant to plead intelligently.").

For all of these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint to allow Plaintiff to provide additional factual details to the Court, however, as explained below, Plaintiff's claims against the office of the public defender or appointed defense counsel, in addition to any potential claims against the prosecutor, are generally not valid claims under Section 1983 absent extraordinary circumstances.

### B. Linkage Requirement under Section 1983

For much of the same reasons explained in the previous section, Plaintiff's complaint similarly fails to establish an adequate link between the actions of Defendants and any constitutional injury. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). The statute provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights,

privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Thus, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each Defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff cannot "hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct." Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002) (internal citation omitted). A police officer who is "merely a bystander" to another officer's conduct, is insufficient to establish § 1983 liability. Hopkins v. Bonvicino, 573 F.3d 752, 770 (9th Cir. 2009) (quoting Chuman v. Wright, 76 F.3d 292 (9th Cir. 1996)). "Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act . . . integral participation requires some *fundamental involvement* in the conduct that allegedly caused the violation . . . [and] [o]fficers are fundamentally involved in the alleged violation when they provide some affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." Monteilh v. Cty. of Los Angeles, 820 F. Supp. 2d 1081,

1089 (C.D. Cal. 2011) (internal citations omitted) (emphasis in original).

Plaintiff has not alleged what any individual police officer did to violate his constitutional rights. Further, Plaintiff has not alleged any specific action that Defendant Kojo Moore did. Accordingly, Plaintiff fails to state a cognizable claim for relief against any of the individually named Defendants in this action.

## C.    Statute of Limitations

Plaintiff does not state anywhere in the complaint the date that any alleged events occurred. Plaintiff is notified that the statute of limitations for Section 1983 claims is two years. If Plaintiff chooses to file an amended complaint, he must provide the dates that the events occurred.

Because Section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Therefore, this case is governed by California's statute of limitations for personal injury actions which requires such actions to be brought within two years of accrual. Cal. Civ. Proc. Code § 335.1. Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.") However, section 352.1 does not apply to an individual who is in pretrial custody in a county jail at the time his claims accrued because he is not "imprisoned on a

criminal charge" within the meaning of section 352.1.  Austin v. Medicis, 21 Cal.App.5th 577, 597 (Cal. Ct. App. 2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018); see also Groce v. Claudat, 603 F. App'x 581, 582 (9th Cir. 2015) (§ 352.1 inapplicable where plaintiff "was not incarcerated when his claims accrued"); Shaw v. Sacramento County Sheriff's Department, 343 F.Supp.3d 919, 924 (E.D. Cal. 2018) (discussing holding in Austin and finding the plaintiff was not serving a prison sentence upon his arrest and subsequent time in county jail); McCain v. Brosowke, No. EDCV 17-2377 MWF (SS), 2018 WL 1918533, at *3-4 (C.D. Cal. Apr. 20, 2018) (same).

### D.  Municipal Liability

Plaintiff names the City of Fresno, and the City of Fresno Police Department as Defendants.  Plaintiff states "in keeping with good faith policies of transparency held by the Fresno Police Department the establishment for a factual basis for this claim should be clearly and quickly available."  (FAC 9.)  Plaintiff makes no other allegations pertaining to any official policy or custom or other actions by the city or by the police.

A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy.  Monell, 436 U.S. at 694.  Generally, to establish municipal liability, a plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation.  Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson, 290 F.3d at 1185-86.  "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' "  Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).  The deliberate indifference standard for municipalities is an objective inquiry.  Castro, 833 F.3d at 1076.

"A plaintiff may []establish municipal liability by demonstrating that (1) the

constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.' " <u>Price v. Sery</u>, 513 F.3d 962, 966 (9th Cir. 2008) (quoting <u>Ulrich v. City & County of San Francisco</u>, 308 F.3d 968, 984–85 (9th Cir.2002)). A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. <u>Bd. of Cty. Comm'rs of Bryan Cty., Okl.</u>, 520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." <u>Id.</u> at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." <u>Id.</u> at 404.

A failure to train may establish liability where such omission of training amounts to deliberate indifference to a constitutional right. <u>Clouthier v. Cty. of Contra Costa</u>, 591 F.3d 1232, 1249-50 (9th Cir. 2010), <u>overruled on other grounds by</u> <u>Castro</u>, 833 F.3d 1060. This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." <u>Id.</u> at 1249 (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 390 (1989). "For example, if police activities in arresting fleeing felons 'so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers,' then the city's failure to train may constitute 'deliberate indifference.' " <u>Id.</u> "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.' " <u>City of Canton</u>, 489 U.S. at 379. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." <u>Connick v. Thompson</u>, 563 U.S. 51, 62 (2011) (citation omitted).

Plaintiff has failed to state a plausible claim based on a custom or policy or failure to train. Plaintiff has not made any allegations to establish liability against the City of Fresno nor against the City of Fresno Police Department.

### E.     The Fourth Amendment

While Plaintiff only brings a claim for unlawful search under the Fourth Amendment, the Court shall provide the standard both for unlawful search and for unlawful arrest, given Plaintiff's allegations include the fact that he was arrested during the course of the search. The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. IV.

Warrantless searches would violate the Fourth Amendment unless the search falls within an exception to the Fourth Amendment's warrant requirement. See United States v. Ojeda, 276 F.3d 486, 488 (9th Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 357 (1967)). One such exception is that a warrantless search may be conducted of a lawfully stopped vehicle if there is probable cause to believe it contains contraband. See United States v. Ross, 456 U.S. 798, 808-10 (1982); California v. Carney, 471 U.S. 386, 394–95 (1985).

Plaintiff's allegations, though unclear and conclusory, appear to emphasize that the officers did not have a right to search or attribute the fruit of the search to Plaintiff because he was a passenger and not the operator of the vehicle, and also avers that a search of a container was improper. The Supreme Court in Wyoming v. Houghton and in California v. Acevedo summarized the permissible scope of a search of a vehicle. The Court in Acevedo stated the following:

> We conclude that it is better to adopt one clear-cut rule to govern automobile searches and eliminate the warrant requirement for closed containers set forth in Sanders . . . "Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." Ibid. We reaffirm that principle. In the case before us, the police had probable cause to believe that the paper bag in the automobile's trunk contained marijuana. That probable cause now allows a warrantless search of the paper bag. The facts

in the record reveal that the police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment . . . We therefore interpret Carroll as providing one rule to govern all automobile searches. The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.

California v. Acevedo, 500 U.S. 565, 579-80 (1991). The Supreme Court in Wyoming v. Houghton further clarified the issue:

Ross summarized its holding as follows: "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of *every part of the vehicle and its contents* that may conceal the object of the search." Id., at 825, 102 S.Ct. 2157 (emphasis added). And our later cases describing Ross have characterized it as applying broadly to *all* containers within a car, without qualification as to ownership. See, e.g., California v. Acevedo, 500 U.S. 565, 572, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) ("[T]his Court in Ross took the critical step of saying that closed containers in cars could be searched without a warrant because of their presence within the automobile"); United States v. Johns, 469 U.S. 478, 479-480, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985) (Ross "held that if police officers have probable cause to search a lawfully stopped vehicle, they may conduct a warrantless search of any containers found inside that may conceal the object of the search") . . . **In sum, neither Ross itself nor the historical evidence it relied upon admits of a distinction among packages or containers based on ownership. When there is probable cause to search for contraband in a car, it is reasonable for police officers-like customs officials in the founding era-to examine packages and containers without a showing of individualized probable cause for each one. A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are "in" the car, and the officer has probable cause to search for contraband *in* the car.**

Wyoming v. Houghton, 526 U.S. 295, 301-02 (1999) (emphasis added).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough." Id. (internal quotations and citation omitted) (alteration in original).

As explained above, Plaintiff has not provided facts to support a claim of unlawful search

or unlawful arrest against any Defendant. If Plaintiff chooses to file an amended complaint, he should consider the above legal standards.

### F. Claims for Ineffective Assistance of Counsel and Violation of Due Process

Plaintiff's sole factual statement in support of his due process and ineffective assistance of counsel claim is that: "while acting under the color of authority assigned defense counsel grossly breached common legal strategy resulting in irreversible prejudice in the criminal matter." (Compl. 10.) Plaintiff's complaint does not clearly state which named Defendants are relevant to this claim, however, the Court presumes it is directed at the County of Fresno Public Defender's Office, Ciummo and Associates, and Kojo Moore, identified as "esquire." The Court further presumes Plaintiff names Ciummo and Associates and Kojo Moore as Defendants because they represented Plaintiff in some capacity in his criminal case, and presumes when Plaintiff states defense counsel was "assigned," they were appointed by the state court or by the public defender's office, and not retained privately by Defendant.

As explained above, any claims against these Defendants first fail because Plaintiff does not provide any factual details supporting any claims. Here, the Court informs Plaintiff that if he files an amended complaint, claims against defense counsel, whether a public defender, or private counsel, retained or appointed, would almost certainly fail to state a valid claim under § 1983 for the reasons explained below.

It is well established that court-appointed and retained defense attorneys are not acting under color of state law for § 1983 purposes but rather act as an advocate for their client. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2–3 (E.D. Cal. Dec. 12, 2017); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v.

Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017) ("A public defender does not act under color of state law, an essential element of a claim under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments."); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

Non-state actors may be liable under Section 1983 when they have conspired or acted in concert with state actors to deprive a person of his civil rights.  See Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970).  To "prove a conspiracy between the police and [the non-state actor] under § 1983, [Plaintiff] must show 'an agreement or meeting of the minds to violate constitutional rights.' "  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989)).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  Id.

Plaintiff's claims of ineffective assistance of counsel or violation of due process against defense counsel fails to state a claim.

### G.    Claims Relating to Prosecution

Plaintiff's complaint does not name any prosecutor or prosecutor's office, however, Plaintiff does name the City of Fresno generally.  Plaintiff does not clearly bring a direct claim relating to his prosecution, however, the complaint states that "[i]t is clear that criminal prosecution of the Plaintiff in this case is baseless," and also states "officers who routinely act out of bounds constitutional law is one matter.  However a district attorney that fails to address these facts and continues prosecution in the face of known violations is another." (Compl. 4, 9.) While Plaintiff has not directly brought any claims against the prosecution, the Court shall inform the Plaintiff of the law governing such claims.

Judges and prosecutors are immune from liability under § 1983 when they are

functioning in their official capacities under proper jurisdiction. <u>See</u> <u>Imbler v. Pactman</u>, 424 U.S. 409, 427 (1976); <u>see also</u> <u>Olsen v. Idaho State Bd. of Medicine</u>, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); <u>Walters v. Mason</u>, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); <u>Forte v. Merced Cty.</u>, No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), <u>report and recommendation adopted</u>, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); <u>Torres v. Saba</u>, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." <u>Ashelman</u>, 793 F.2d at 1076 (quoting <u>Imbler</u>, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. <u>See</u> <u>Demery v. Kupperman</u>, 735 F.2d 1139, 1144 (9th Cir. 1984).

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.' "
<u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1189 (9th Cir. 1995)); <u>see also</u> <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 562 (9th Cir. 1987) ("In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.") (citations omitted). In the Ninth Circuit, "the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy," however, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the

laws or is otherwise intended to subject a person to a denial of constitutional rights." <u>Usher</u>, 828 F.2d at 56-62 (citations omitted).

"An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." <u>Awabdy</u>, 368 F.3d at 1068. In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." <u>Id.</u>

Plaintiff has not provided details regarding who prosecuted or maintained the charges, has not named an individual prosecutor as a Defendant, and does not allege any conduct by any named Defendant relating to this claim in the first amended complaint. Further, Plaintiff has not alleged any details pertaining to an official policy or custom as to the City of Fresno, as explained above. Accordingly, Plaintiff has not stated a claim relating to his prosecution.

### H. Habeas Relief

State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." <u>Wilkinson</u>, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of

confinement or its duration." Id. at 81-82.

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

To the extent Plaintiff's claims challenge the fact or duration of his confinement, or is seeking damages for such, they are not cognizable in a section 1983 action and must be brought by a writ of habeas corpus.

## I.    Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223.

This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court which may resolve the constitutional injury alleged. Plaintiff's complaint provides no factual details such as the date of the incident, whether any state related proceedings are ongoing, or other information which would aid the Court in this regard.

///

///

**IV.**

**CONCLUSION**

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927.  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

///

///

///

///

///

///

///

///

///

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's office shall send Plaintiff a complaint form;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3.  If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 11, 2020**

UNITED STATES MAGISTRATE JUDGE