# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARONERE WILTRON ARREOLA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO PUBLIC DEFENDER'S OFFICE, et al.,<br><br>Defendants. | Case No. 1:20-cv-00272-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 4)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Haronere Wiltron Arreola ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**BACKGROUND**

Plaintiff filed this action on February 24, 2020. (ECF No. 1.) On March 11, 2020, Plaintiff's complaint was screened and it was found that he had failed to state a cognizable claim. (ECF No. 4.) Plaintiff was ordered to file an amended complaint within thirty days. (Id.) More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's March 11, 2020 order.

1

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

## III.

## DISCUSSION

In this instance, the Court finds that dismissal of this action is warranted based on Plaintiff's failure to comply with the order to file an amended complaint that cures the deficiencies identified in the March 11, 2020 screening order. A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions

that must be met in order for a court to take action.  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint within thirty days of March 11, 2020.  (ECF No. 4.)  Plaintiff has not filed a first amended complaint or otherwise responded to the March 11, 2020 order.

Plaintiff's failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  <u>In re Eisen</u>, 31 F.3d at 1453.  The risk of prejudice to the defendants weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The March 11, 2020 order expressly stated: "If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim."  (ECF No. 4 at 20.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

///

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with orders of the court, failure to prosecute, and failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2020**

UNITED STATES MAGISTRATE JUDGE